IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. WASHINGTON, | 1:09-cv-01801-AWI-JLT (HC) |
| Petitioner, | ORDER TO GRANT PETITIONER'S MOTION TO SUPPLEMENT PETITION |
| vs. | (Doc. 9) |
| D. G. ADAMS, | ORDER DIRECTING CLERK OF COURT TO FILE LODGED ADDENDUM TO |
| Respondent. | PENDING HABEAS CORPUS ISSUES (Doc. 10) |
| | ORDER DIRECTING CLERK OF COURT TO SERVE FILED ADDENDUM ON RESPONDENT (Doc. 10) |
| | ORDER DIRECTING RESPONDENT TO FILE SUPPLEMENTAL RESPONSE TO FILED ADDENDUM WITHIN SIXTY DAYS |
| | ORDER GRANTING RESPONDENT'S MOTION TO FILE SUR-REPLY (Doc. 31) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

The instant petition was filed on October 1, 2009 in the United States District Court for the Central District of California. (Doc. 1). At filing, the petition challenged Petitioner's 2006 conviction in the Kern County Superior Court by alleging three claims of ineffective assistance of counsel. (Id.). On October 13, 2009, the case was transferred to this Court. (Doc. 5).

On October 26, 2009, Petitioner filed a motion for leave to file an addendum to the original petition. (Doc. 9). Along with that motion, Petitioner submitted an addendum to the original petition containing three instructional error claims, a Sixth Amendment claim deriving from Petitioner's upper term sentence, and a claim of insufficiency of the evidence. (Doc. 10). Because the Court had not ruled on the motion for leave to file the addendum, the Clerk of the Court properly lodged, rather than filed, the addendum.

On January 11, 2010, the Court ordered Respondent to file a response. (Doc. 12). Due to an oversight, the Court was unaware that Petitioner's motion to file an addendum was still pending. Thus, the order to Respondent to respond to the original petition *did not include the grounds added by the addendum.* On May 17, 2010, Respondent filed an Answer to the original petition. (Doc. 24). Respondent has never been served with the addendum to the petition because that document has never been filed. On August 25, 2010, Petitioner filed his Traverse, in which, apparently assuming that his motion to file the addendum had already been granted, he notes that Respondent did not answer the five claims in that addendum, and thereby requests that they be deemed "conceded" by Respondent. (Doc. 30). On September 9, 2010, Respondent filed a motion for leave to file a sur-reply to challenge Petitioner's argument regarding the issues in the lodged addendum. (Doc. 31).

**DISCUSSION**

The Court's inadvertent failure to recognize that Petitioner's motion to file an addendum had not been ruled upon before issuing the order for Respondent to file a response is the genesis of the case's current procedural posture. Unfortunately, the Court cannot remedy the situation without inconveniencing the parties. Nevertheless, in order to restore the parties to the position they should have been in had the inadvertent error referred to above not occurred, it is necessary to take the steps outlined herein.

First, with regard to Petitioner's motion to file an addendum, that motion must be granted. A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of

the Rules Governing Section 2254 Cases. <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th cir. 1998); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). Petitioner filed his motion for leave to file an addendum to the original petition *before* the Court ordered a Response to be filed and long before Respondent filed the Answer. Accordingly, Petitioner did not require leave of Court to file his addendum, and the motion, if timely ruled upon, should have been granted. (<u>Id</u>.). Therefore, the Court will now grant Petitioner's motion to file an addendum to the original petition *nunc pro tunc* to October 26, 2009.

       As a consequence, the Court must also permit Respondent to file a response to the additional five claims in the addendum. Therefore, Respondent will be given sixty days in which to file said response, which may include either a Motion to Dismiss the claims in the addendum or an Answer to the merits of said claims. Petitioner will then have thirty days from the date of service of Respondent's Answer to file a Traverse or thirty days from the date of service of any Motion to Dismiss to file an Opposition.

       In view of the Court's order, the Court will grant Respondent's motion to file a sur-reply, although it now appears that the issues raised therein are moot.

       Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to file an addendum to the original petition (Doc. 9), is GRANTED *nunc pro tunc* to October 26, 2009;
2. The Clerk of the Court is DIRECTED to file the lodged addendum to the petition (Doc. 10);
3. The Clerk of the Court is DIRECTED to serve the filed addendum (Doc. 10) on Respondent;
4. Respondent is given sixty (60) days within which to file either a Motion to Dismiss the claims in the addendum or an Answer to the merits of the claims in the addendum;

///

///

 5. Respondent's motion to file a sur-reply (Doc. 31), is GRANTED.

IT IS SO ORDERED.

Dated:  **September 9, 2010**                **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE